**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1092n.06

No. 10-3427

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Oct 19, 2012*
DEBORAH S. HUNT, Clerk

KENDRIC MATTHEWS,                               )
                                                )
    Petitioner-Appellant,                       )        ON APPEAL FROM THE
                                                )        UNITED STATES DISTRICT
    v.                                          )        COURT FOR THE SOUTHERN
                                                )        DISTRICT OF OHIO
WARDEN, ROSS CORRECTIONAL                       )
INSTITUTION,                                    )
                                                )
    Respondent-Appellee.                        )

BEFORE:  GILMAN, GIBBONS, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  Petitioner Kendric Matthews, convicted of trafficking in crack cocaine, challenges the district court's denial of his habeas corpus petition.  His argument on appeal is that his Confrontation Clause rights were violated by the admission of police-officer testimony that a confidential informant had reported that Matthews had sold drugs from an apartment.  The district court, however, properly held that any such error was harmless in light of the extensive independent evidence tying Matthews to drug trafficking.

On March 15, 2006, officers of the Cincinnati Police Department arrested Matthews while executing a search warrant at a local apartment rented by Crystal Hart.  The warrant was obtained after Police Specialist David Hall received information from a confidential informant that Matthews and Hart were selling crack cocaine from the apartment.  Because the warrant was "high risk," Officer John Mercado used a battering ram to force open the door as the police announced their

presence. Once the officers entered the apartment, Matthews ran from the kitchen towards the

bedroom while holding a plastic bag in one hand. After Matthews did not heed the officers'

command to stop, the officers overcame Matthews and forced him to the ground. When the officers

lifted him off the floor, they found underneath him a bag that contained just under twenty-one grams

of crack. According to Officer Mercado, this amount of crack has an estimated street value of

between $500-$1000 and is not consistent with personal use. Following arrest, police searched the

apartment and found Matthews's Ohio ID on a shelf in the kitchen, marijuana, a bag of powder

cocaine, a digital scale, and cash in the pockets of a pair of pants.[1]

Hart admitted that the marijuana, powder cocaine, and some of the cash belonged to her.

Although the State emphasizes that there is no evidence that the crack belonged to Hart, Hart also

never denied that the crack belonged to her.[2]

Matthews was indicted on one count of trafficking in cocaine and one count of possession

of cocaine, in violation of Ohio Rev. Code §§ 2925.03(A)(2) and 2925.11(A), respectively. During

his trial, Matthews objected to statements by officers that raised Confrontation Clause concerns.

Officers referred to the confidential informant's tip that Matthews and Hart were selling drugs from

the apartment. Matthews argued that his Confrontation Clause rights were violated by the

---

[1] The preceding facts are based upon the summary of facts from the state court. *See Ohio v. Matthews*, No. C-060669, 2007 WL 2745211, at *1 (Ohio Ct. App. Sept. 21, 2007).

[2] After being called as a witness by Matthews, Hart invoked her Fifth Amendment right against self-incrimination. In a separate proceeding, Hart was found guilty of both possession of and trafficking in crack cocaine. *See Ohio v. Hart*, No. C-060686, 2007 WL 3119720, at *2 (Ohio Ct. App. Oct. 26, 2007).

introduction of the substance of the informant's statement without providing Matthews an opportunity to cross-examine the informant. The state court, reasoning that the statements were not admitted for their truth, rejected Matthews's Confrontation Clause challenge and a jury convicted Matthews on both counts.

Matthews exhausted his state-court remedies and then petitioned the district court for a writ of habeas corpus based upon six grounds, including his Confrontation Clause argument. In his petition, Matthews argued that the admission of this evidence was not harmless error and prejudiced his right to a fair hearing.

The magistrate judge's Report and Recommendation determined that the informant's statement was testimonial, but found that the state court's error was harmless due to the strength of the other evidence against Matthews. The magistrate judge recommended denial of Matthews's Confrontation Clause challenge as well as the other five asserted grounds for relief. *See* Report and Recommendation, Nov. 25, 2009.

The district court agreed with the Report and Recommendation. The district court determined that the state court's error was harmless because "the information from the confidential informant . . . was not necessarily critical to the state's case." *Matthews v. Sheets*, No. 08-742, 2010 WL 537002, at *3 (S.D. Ohio Feb. 11, 2010). The district court found that even without the references to the informant's complaint, the evidence supporting a conviction for trafficking was "very strong" due to the chain of events after the officers entered the apartment. *Id.* The district

court noted that the amount of crack was consistent with resale and that the digital scale and cash in the apartment were "common hallmarks of the drug trade." *Id.* at *4.

The district court granted a certificate of appealability only on the question of "whether the petitioner's Confrontation Clause rights were violated when the trial court admitted hearsay evidence into the record and where the petitioner was unable to cross-examine the out-of-court declarant." Order at 4, April 8, 2011.

The district court properly denied Matthews's petition for a writ of habeas corpus. Even if the Ohio courts unreasonably applied "clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d), Matthews's Confrontation Clause argument is subject to harmless-error analysis. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). Because the alleged error was harmless, we do not need to decide whether the officers' statements were admitted in violation of the Confrontation Clause. We assume for purposes of argument that they were.

However, the assumed Confrontation Clause error was harmless because it did not have a substantial and injurious effect or influence in determining the jury's verdict. Such an effect or influence is required to grant habeas relief. *See Fry v. Pliler*, 551 U.S. 112, 121-22 (2007); *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). An analysis of the factors that we repeatedly refer to in making this kind of determination requires that result.

> Those factors include: (1) the importance of the witness' testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross examination otherwise permitted; and (5) the overall strength of the prosecution's case.

*Jensen v. Romanowski*, 590 F.3d 373, 379 (6th Cir. 2009) (citation omitted).

First, the references to the informant's statements were not important in the prosecution's case. In order to convict defendant of trafficking, the prosecution had to show only that defendant "prepare[d] for distribution . . . a controlled substance, when the offender kn[ew] or ha[d] reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." Ohio Rev. Code § 2925.03(A)(2). The prosecution emphasized that the large amount of crack cocaine as well as the presence of paraphernalia, such as scales, suggested trafficking. The defense's main argument was not that the crack or the scales were for non-trafficking use, but that the prosecution had not sufficiently proven a connection to Matthews. But Matthews was present at the apartment, he ran from police while holding the bag of crack, and his Ohio ID was found on a shelf in the apartment. The references to the informant's complaint were not important in connecting Matthews to the crack and paraphernalia.

Second, the references to the informant's statements were largely cumulative. It is true that the references were not cumulative with respect to defendant's having a history of distributing drugs from the apartment, because no other evidence suggested a history. But the references were cumulative to other evidence that Matthews more generally had a connection to the apartment and was involved in activity related to trafficking. He was in possession of a quantity of crack consistent with trafficking, and he was present in the apartment where his Ohio ID and scales were found.

Because the critical issue to finding guilt was not historical ties to trafficking but present ties, the evidence was cumulative to other evidence.

Third, there is no evidence contradicting the information given by the confidential informant and, as discussed above, there is cumulative evidence supporting that information.

Fourth, because the confidential informant remains confidential, there was no opportunity to cross examine the declarant.

Fifth, the overall strength of the prosecutor's case nonetheless compellingly supports the conclusion that any Confrontation Clause error was harmless. As the district court stated below, "[t]he testimony and the evidence presented concerning the chain of events *after* the officers entered the apartment . . . were very strong. . . . Matthews was 'literally caught holding the bag' when the officers entered the apartment." *Matthews v. Sheets*, 2010 WL 537002, at *3 (quoting Report and Recommendation, 16). Even if it were possible to hypothesize an innocent situation that would explain Matthews's presence, his actions once the police arrived, and his possession of a large amount of crack in an apartment that also contained scales and powder cocaine, dispel any reasonable doubt about his guilt. The prosecution had a strong case against Matthews.

In sum, any error in admitting the officers' references to the confidential informant's statements did not have a substantial and injurious effect on the jury or the outcome of the trial. Thus, even if the state court erred in admitting the references to the informant's tip, the error was harmless.

For these reasons, the district court's denial of Matthews's petition for a writ of habeas corpus is affirmed.